**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. CR-23-294-R** |
| | ) | |
| | ) | |
| **PAUL DENZELL ROBINSON,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

Before the Court is Defendant's Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) [Doc. No. 48]. The United States responded in opposition [Doc. No. 53].

A defendant seeking a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) must fully exhaust his administrative remedies before seeking relief in the district court:

> [U]pon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility . . . [a district court] may reduce a term of imprisonment . . . ."

18 U.S.C. § 3582(c)(1)(A). The exhaustion requirement is a "mandatory claim-processing rule" that must be enforced when invoked by the government. *United States v. Hemmelgarn,* 15 F.4th 1027, 1030 (10th Cir. 2021).

Defendant's motion asserts that he submitted a request for compassionate release to the warden of his facility that was denied. However, Defendant has not provided the date of the request, the date of the denial, or any evidence showing that he submitted a request. The United States contends that the staff at Defendant's place of confinement have no

record of a request or denial and Defendant has therefore failed to exhaust his administrative remedies.

"[W]hen the government invokes the exhaustion requirement, as it does here, the court must enforce the requirement." *United States v. Meinert*, No. 18-20069-01-DDC, 2022 WL 36411, at *2 (D. Kan. Jan. 4, 2022). Defendant has failed to provide any communications to the warden or any other evidence indicating that he exhausted his administrative remedies prior to filing his motion.

Because Defendant has not established that he fully exhausted his administrative rights, his Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) [Doc. No. 48] is DISMISSED without prejudice.

IT IS SO ORDERED this 10th day of August, 2026.

David L. Russell

**DAVID L. RUSSELL**
**UNITED STATES DISTRICT JUDGE**